UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) | CASE NO. 4:07 CV 3580 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, WARDEN FCI | ) | |
| ELKTON, OHIO, | ) | |
| | ) | |
| Respondent. | ) | |

On November 16, 2007, pro se petitioner Ifedoo Noble Enigwe filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against J. T. Shartle, Warden at the Federal Correctional Institution (FCI) in Elkton, Ohio. Mr. Enigwe is incarcerated at FCI Elkton after a 1992 conviction for violating 21 U.S.C. §§ 952(a), 960(b)(2) and 963. He asserts that he is innocent of the crimes for which he was convicted and that his remedies under 28 U.S.C. § 2255 are inadequate and ineffective.

*Background*

On May 6, 1992, a Grand Jury in the Eastern District of Pennsylvania returned a four count indictment against Mr. Enigwe, charging him with: conspiracy to import heroin, in

violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(A), and 963 (Count I); importing, and aiding and abetting the importation of, heroin in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(A) and 18 U.S.C. § 2 (Count II); and aiding and abetting travel in foreign commerce for the purpose of importing heroin into the United States, and thereafter willfully performing and attempting to perform acts to facilitate the importation of heroin, in violation of 18 U.S.C. §§ 2 and 1952(a)(3) and 21 U.S.C. § 952(a) (Counts III and IV). He entered a plea of not guilty.

A jury trial commenced on August 4, 1992. At trial, Tondalaya Short and her daughter, Keinya Collier, identified petitioner as the individual they knew as "Damien" who deceived them into bringing heroin into the United States. Following a five-day trial, the jury convicted Mr. Enigwe on all four counts of the indictment. He was sentenced on August 13, 1993, to concurrent terms of 235 months imprisonment on each count of the indictment, concurrent five year terms of supervised release on each count upon release from imprisonment, a $10,000 fine, and a $200 special assessment.[1]

Dating back to 2003, Mr. Enigwe has filed numerous lawsuits in this court, including the following five habeas petitions: Enigwe v. Bezy, No.4:03-cv-01330 (N.D. Ohio filed July 8, 2003)(Gwin, J.); Enigwe v. Bezy, No. 4:04-cv-1273 (N.D. Ohio filed July 7,

---

[1] After trial, Mr. Enigwe began to actively pursue his legal remedies. Without exception, however, the judgments of the District Court of Pennsylvania and Third Circuit Court of Appeals with regard to Mr. Enigwe's conviction, remain undisturbed. See United States v. Enigwe, No. CRIM. A. 92-00257, 1992 WL 382325 (E.D.Pa. Dec 09, 1992), judgment aff'd, United States v. Enigwe, No. 93-180626 (3rd Cir. Apr. 28, 1994), cert. denied Enigwe v. United States, 513 U.S. 950 (1994); and post-conviction relief denied by United States v. Enigwe, No. 92-00257, 1995 WL 549110 (E.D.Pa. Sep 11, 1995), recon. denied, United States v. Enigwe, No. CRIM.A. 92-00257, 1996 WL 92076 (E.D.Pa. Mar 01, 1996)), vacated United States v. Enigwe, No. C.A. 95-1984, 92 F.3d 1173 (3rd Cir. Jul 23, 1996) on remand United States v. Enigwe, No. 92-00257, 1997 WL 430993 (E.D.Pa. Jul 16, 1997), judgment aff'd, United States v. Enigwe, No. 97-1632,141 F.3d 1155 (3rd Cir. Jan 16, 1998),cert. denied Enigwe v. United States, 523 U.S. 1102 (1998).

2004)(Manos, J.); Enigwe v. Bezy, No. 4:04-cv-1431 (N.D. Ohio filed July 27, 2004)(Economus, J.); Enigwe v. Sniezek, No. 4:05-cv-2734 (N.D. Ohio filed Nov. 22, 2005)(Polster, J.); Enigwe v. Sniezek, No. 3:06-cv-1200 (N.D. Ohio filed May 15, 2006)(Katz, J.). In each, he finds some untapped basis upon which the government allegedly failed to properly convict him of a crime.

In his present petition, Mr. Enigwe states that on April 24, 1996 he received a package of material in response to a Freedom of Information request from the Department of Justice. This material revealed that "an indictment against the two government key witnesses [Short and Collier] were actually dismissed march [sic]11, 1992, two months before Petitioner was indicted on conspiracy to import heroin (May 6, 1992)." (Pet. at 4.) It is now Mr. Enigwe's contention that because the court failed to advise the jury that the heroin charges had been dismissed against these witnesses, who the government referred to as "co-conspirators" during trial, his conviction is invalid. Moreover, petitioner argues that the government failed to "show the essential element of conspiracy to import heroin, to wit, agreement." (Pet. at 5.)

It is upon this basis that Mr. Enigwe maintains that he is entitled to an order from this court vacating his underlying conviction for a "nonexistent offense." He argues that he is "actually innocent" of the crimes for which he was convicted and is entitled to challenge that conviction pursuant to 28 U.S.C. § 2241 because his remedy under 28 U.S.C. § 2255 is inadequate and ineffective.

*28 U.S.C. § 2241*
*Savings Clause Provision*

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23,

3

25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Still, § 2255 provides a safety valve wherein a federal prisoner may challenge his conviction or imposition of sentence pursuant to 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). Considering the extensive volume of memoranda which have been drafted in response to Mr. Enigwe's serial filings, it would be redundant for the court to further elaborate on the circumstances under which he might be entitled to relief. Instead, the court will address the fact that Mr. Enigwe has attempted to puncture his conviction under every conceivable legal basis over the past sixteen years, without once acknowledging that the underlying issues he continues to attack have been addressed, analyzed, explained and shown to support the jury's determination of his guilt. Still, the court will now address his newest claim of "actual innocence."

*Actual Innocence*

Relying on the Sixth Circuit's opinion in Martin v. Perez, 319 F.3d 799 (6th Cir. 2003), Mr. Enigwe maintains that he is innocent because he was convicted of a "non-existent offense." It is his belief that the government's dismissal of "a heroin indictment" filed against Ms. Short and Ms. Collier, two months before he was indicted on conspiracy to import heroin, is fatal to any charge against him for conspiracy. Without this "heroin indictment" against these witnesses, Mr. Enigwe claims that the government could not refer to them as "co-conspirators in the heroin conspiracy" during trial.

In a review of Mr. Enigwe's court records, it is instructive to examine the District Court of Pennsylvania's opinion in response to a Motion for Judgment of Acquittal or, in the

4

Alternative, for New Trial, and Defendant's Motion for a New Trial Based Upon Newly Discovered Evidence he filed at the end of his trial. At that time he argued that: (1) the verdict is contrary to the weight of the evidence; (2) the verdict is not supported by substantial evidence; (3) the defendant was deprived of a fair trial because he was denied the right to communicate with counsel on two nights during trial; (4) the prosecution failed to prove their case; (5) a reasonable minded jury must have a reasonable doubt as to the essential elements of the crimes charged; and (6) as a matter of law a reasonable doubt exists as to defendant's guilt. See United States v. Enigwe, No. CRIM. A. 92-00257, 1992 WL 382325, at *2 (E.D.Pa. Dec 09, 1992). The District Court of Pennsylvania concluded that sufficient evidence was, in fact, produced as to each element of the offenses charged to submit the case to the jury for deliberation and verdict. Id. at *4.

In analyzing the basis upon which it determined that the evidence was sufficient, the district noted, first, that the essential elements of Count I were: (1) defendant entered into an unlawful agreement; (2) with one or more persons; (3) to commit the offense of importing heroin into the United States; and (4) defendant did so knowingly, willfully and voluntarily. These elements were not challenged and Mr. Enigwe is not presently challenging these elements with regard to his "non-existent" offense claim. Instead, what he is challenging, and what the district court already established, is that because he duped the witnesses into believing they were illegally smuggling diamonds, not heroin, no conspiracy exists.[2] Unless, in his mind, both parties

---

[2]The court transcript reflects the following: "Short met defendant towards the end of the summer of 1990. In or around February 1991, defendant visited Short at her home in Germantown where he recruited her to travel to Paris for the purpose of smuggling what he described as 'diamonds' back to the United States in order to avoid paying import fees, fines and penalties." Id. at *3.

5

intended to smuggle heroin then the government could not charge him with conspiracy. A district court opinion issued four years after Mr. Enigwe's motion for judgment, illustrates why his argument cannot be sustained.

In 1996, Mr. Enigwe filed a Motion for Reconsideration of the Eastern District Court of Pennsylvania's Order denying his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. United States v. Enigwe, No. CRIM.A. 92-00257, 1996 WL 92076 (E.D. Pa. Mar. 1,1996).[3] He claimed that new evidence showed his counsel was biased during the trial and during the evidentiary hearing on the § 2255 Motion, because the government allegedly failed to make a required disclosure during discovery, because his counsel was allegedly ineffective in failing to preserve a potential double jeopardy claim, and because his counsel failed to request a jury instruction regarding deceit. The Motion was denied. In its Memorandum of

---

[3]Petitioner subsequently appealed the denial of his § 2255 Motion. One of the arguments he raised on appeal was that the district court should have appointed counsel to represent him at the evidentiary hearing. The government agreed with plaintiff's contention and filed a Motion to Remand to the District Court. After remand, the district court explained the Court of Appeals' reasoning, as follows:

> The Third Circuit, by Order dated July 23, 1996 treated the government's Motion as a motion for summary action pursuant to Local Appellate Rule 27.4 and Chapter 10.6 of [the Third Circuit's] Internal Operating Procedures[ and ruled that t]he district court's order entered September 12, 1995, which denied appellant's motion under 28 U.S.C. § 2255, to vacate, set aside or correct sentence, is vacated and the matter is summarily remanded to the district court. Upon remand, the district court should appoint the appellant [[[defendant] counsel as mandated by Rule 8(c) of the Rules Governing § 2255 Proceedings and hold a new evidentiary hearing." United States v. Enigwe, C.A. No. 95-1984 (3d Cir. July 23, 1996) (unpublished order).

United States v. Enigwe, No. 92-00257,1997 WL 430993 (E.D. Pa. July 16,1997)(§2255 motion denied on remand).

Opinion denying Mr. Enigwe's request, the District Court of Pennsylvania noted:

> Defendant now argues that the instruction was necessary because in order to prove knowledge, an element of the offenses charged, the government had to prove that the defendant 'deceived' his co-conspirators into believing that they were importing diamonds, not heroin. Motion for Reconsideration at 12. This is not correct. The government was not required to show that Collier and Short were 'deceived' by the defendant in order to show that the defendant committed the offenses knowingly. The Court properly instructed the jury on intent and knowledge; the jury instructions completely and properly covered the issues relevant to defendant's state of mind.

Enigwe,1996 WL 92076, at *5. This determination goes to the heart of Mr. Enigwe's "actual innocence" claim before this court. It is clear that Mr. Enigwe intended to engage in an illegal act. Moreover, even though the witnesses did not know they were smuggling heroin, they believed they were smuggling diamonds and, thus, the parties willingly entered into an unlawful agreement.

In spite of his reliance on the Martin opinion, petitioner's argument does not fall within the parameters of actual innocence. In Martin, the petitioner relied on the Supreme Court's decision in Jones v. United States, 529 U.S. 848 (2000), wherein a defendant was convicted under the federal arson statute (the same statute at issue in Martin's conviction) of deliberately setting fire to a house owned and occupied by his cousin. The Court refused to find that a house with only this kind of connection was sufficiently integrated into the stream of interstate commerce. Id. at 856. Thus, it was on this basis that Mr. Martin maintained that he could not be guilty of the federal bombing statute because he bombed a private residence. Here, Mr. Enigwe ignores his complicity in agreeing to enter into an unlawful agreement and, instead, attempts to focus the court's attention on a failure to agree on which item would be illegally smuggled into the United

7

States. This is, at best, an argument of 'legal insufficiency' rather than a claim that he was convicted of an offense that is no longer considered a crime. Therefore, Mr. Enigwe has failed to demonstrate that he is entitled to pursue his claim under § 2241 because his §2255 remedy is inadequate.

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

s/Ann Aldrich

ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."